1  Marsha L. Stephenson, Esq.
   Nevada Bar No. 6130
2  **STEPHENSON & DICKINSON, P.C.**
3  2820 West Charleston Boulevard, Suite 19
   Las Vegas, Nevada 89102
4  Telephone: (702) 474-7229
   Facsimile: (702) 474-7237
5  *admin@sdlawoffice.net*

6  Attorneys for Defendant
7  AXIS SURPLUS INSURANCE COMPANY

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11

12  RICHARDSON CONSTRUCTION, INC.          CASE NO.
    a Nevada Corporation,

13
                       Plaintiff,
14

15  vs.                                    **NOTICE OF REMOVAL**

16  AXIS SURPLUS INSURANCE COMPANY;
    INSURANCE SOLUTIONS GROUP, INC.; and
17  DOE INDIVIDUALS 1 through 10, inclusive;
    and ROE CORPORATIONS 1 through 100,
18  inclusive,

19
                       Defendants.
20

21

22

23       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant

24  AXIS SURPLUS INSURANCE COMPANY (hereinafter referred to as "Axis"), by and through its

25  undersigned counsel,  removes this action from the Eighth Judicial District Court, Clark County,

26  Nevada, Case No. A-10-612537-C, to the United States District Court for the District of Nevada.

27  Axis alleges that this matter is proper for removal pursuant to 28 U.S.C. § 1441 since the United

28

                                          1

States District Court for the District of Nevada has jurisdiction pursuant to 28 U.S.C. § 1332 as follows:

1. This matter is an alleged breach of contract lawsuit arising out of an insurance policy.

2. On March 24, 2010, Plaintiff filed his Complaint against Axis and Insurance Solutions Group, Inc. in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-10-612537-C (See Complaint, attached hereto as Exhibit "A"). The Complaint contains the following causes of action: declaratory relief, breach of contract, unfair claims practice violations of NRS 686A.310, and breach of covenant of good faith and fair dealing. (Ex. A).

3. Plaintiff is seeking general and special damages in excess of $10,000.00, as well as punitive damages in excess of $10,000.00. (Ex. A).

4. The Complaint contains the following allegations:

    a. Axis issued one or more general liability insurance policies to Plaintiff. (Ex. A, ¶12). Insurance Solutions Group, Inc. (hereinafter referred to as "Solutions") was the broker that procured one or more of the policies issued by Axis. (Ex. A, ¶13).

    b. Plaintiff was contracted by the City of Las Vegas for the construction of the Fifth Street School Rehabilitation Project (hereinafter referred to as the "Project") located in Las Vegas, Clark County, Nevada. (Ex. A, ¶¶8, 11).

    c. A fire destroyed a significant portion of the Project during its construction. (Ex. A, ¶9).

    d. As a result of the fire, Plaintiff incurred repair and construction/reconstruction costs. (Ex. A, ¶10).

    e. A controversy exists between Plaintiff and Axis as to Axis's alleged obligation to compensate Plaintiff for these costs pursuant to the insurance policies. (Ex. A, ¶¶21, 28 and 41).

5. On May 3, 2010, Axis was served with the Complaint through the Commissioner of Insurance at the State of Nevada Department of Business and Industry Division of Insurance. (See May 3, 2010 correspondence from the Division of Insurance and Proof of Service of Summons and Complaint, attached hereto collectively as Exhibit "B").

6. Axis removes this case based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2

a. <u>Diversity of Citizenship.</u> There is diversity of citizenship in that:

1) Plaintiff is a Nevada corporation with its principal place of business in Clark County, Nevada. (Ex. A, ¶1).

2) Axis is an Illinois corporation with its principal place of business in Georgia.

3) Solutions is a Mississippi corporation with its principal place of business in Ridgeland, Mississippi. (See Mississippi Secretary of State entity details for Insurance Solutions Group, Inc., attached hereto as Exhibit "C").

b. <u>Amount in Controversy Exceeds $75,000.00.</u> In his Complaint, Plaintiff claims general and special damages in excess of $10,000.00, as well as punitive damages in excess of $10,000.00. Pursuant to N.R.C.P. 8(a), when a claimant seeks damages in excess of $10,000.00, the claimant only needs to demand damages in excess of $10,000.00 without any specification of the amount. Thus, when the amount in controversy is not set forth in the Complaint, the removal petition can be considered in determining such amount. *Singer v. State Farm Mutual Auto Insurance Co.,* 116 F.3d 373, 377 (9th Cir.1997). The amount in controversy requirement is established if, by preponderance of evidence, the removing party can establish that the amount in controversy is above $75,000.00 *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir.2004). In considering the types of evidence defendants may rely upon to satisfy the preponderance of evidence threshold, the Court may consider facts presented in the removal petition as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.,* quoting *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003); see *Cohen v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir.2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of plaintiff's claim.").

On August 10, 2009, Plaintiff's counsel sent Axis a letter requesting that Axis pay Plaintiff's claim for $517,509.36 pursuant to a commercial general liability policy issued by Axis. This amount reflected the damages due to property damage from the fire. Plaintiff's counsel attached a breakdown of costs associated with the $517,509.36 claim

3

to that correspondence.  (See 5th Street School Fire Damage Costs, attached hereto as Exhibit "D").  Therefore, the amount in controversy is above the jurisdictional threshold.

7.  This Notice is timely pursuant to 28 U.S.C. § 1446(b).  Axis is filing this Notice within thirty days after receipt of service of the Complaint, which occurred on May 3, 2010.  (Ex. B).

8.  This Court is the District Court of the United States for the district where the state action (Eighth Judicial District Court, Clark County, Nevada, Case No. A-10-612537-C) is currently pending.

9.  Pursuant to 28 U.S.C. 1446(a), the following documents from the state court action, Eighth Judicial District Court, Clark County, Nevada, Case No. A-10-612537-C, are attached hereto:

a.  Complaint (Ex. A);

b.  Summons (attached hereto as Exhibit "E"); and

c.  Proof of Service (Ex. B).

10.  Pursuant to 28 U.S.C. 1446(d), this Notice is being served upon Plaintiff's counsel.  A copy is also being filed with the clerk of the court for the Eighth Judicial District Court, Clark County, Nevada.

DATED this 28 day of _____May_____, 2010.

STEPHENSON & DICKINSON, P.C.

By: _Marsha Stephenson_
Marsha L. Stephenson, Esq.
Nevada Bar No. 6130
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite 19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*admin@sdlawoffice.net*
Attorneys for AXIS SURPLUS INSURANCE
COMPANY

4

1

**CERTIFICATE OF SERVICE**

2    The undersigned does hereby certify that on the _28_ day of _May_____, 2010, a true

3    and correct copy of the foregoing **NOTICE OF REMOVAL** was served to the following parties by:

4    _____✕_____    Placing an original or true copy in a sealed envelope placed for collection
                     and mailing in the United States Mail, at Las Vegas, Nevada, postage
5                    pre-paid, following ordinary business practices;

6    _____    CM/ECF (Case Management/Electronic Case Filing):

7    Theodore Parker, III, Esq.
8    Nevada Bar No. 004716
     PARKER, NELSON & ASSOCIATES, CHTD.
9    2460 Professional Court, Suite 200
     Las Vegas, NV 89128
10   (702) 868-8000
11   (702) 868-8601 Fax
     tparker@pnalaw.net
12   *Attorneys for Plaintiff*

13

14

15   Employee of STEPHENSON & DICKINSON

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT A

Electronically Filed
03/24/2010 09:11:13 AM

**CLERK OF THE COURT**

APR - 8 2010

DIVISION OF INSURANCE
STATE OF NEVADA

1 **COM**
THEODORE PARKER, III, ESQ.
2 Nevada Bar No. 004716
PARKER, NELSON & ASSOCIATES, CHTD.
3 2460 Professional Court., Suite 200
Las Vegas, NV 89128
4 (702) 868-8000
(702) 868-8601 Fax
5 *Attorney for Plaintiff*
*Richardson Construction, Inc.*
6

7                              **DISTRICT COURT**

8                         **CLARK COUNTY, NEVADA**

9
RICHARDSON CONSTRUCTION, INC.          )          A-10-612537-C
10 a Nevada Corporation,                )
                                        )          CASE NO.:   A      XVII
11          Plaintiff,                  )          DEPT. NO.:
                                        )
12      vs.                             )
                                        )
13 AXIS SURPLUS INSURANCE COMPANY;      )          [EXEMPTION FROM
   INSURANCE SOLUTIONS GROUP, INC.;     )          ARBITRATION RULE 3(A)
14 and DOE INDIVIDUALS I through 10, inclusive; )   (ACTION FOR DECLARATORY
   and ROE CORPORATIONS 1 though 100,   )          RELIEF)]
15 inclusive,                           )
                                        )
16          Defendants.                 )

17                              **COMPLAINT**

18                         **GENERAL ALLEGATIONS**

19          1.      Plaintiff, RICHARDSON CONSTRUCTION, INC. ("RICHARDSON"), is and at

20 all times mentioned herein was a corporation organized and existing under the laws of the State of

21 Nevada, with its principal place of business in Clark County, Nevada.

22          2.      RICHARDSON is informed and believes and thereon alleges that Defendant, AXIS

23 SURPLUS INSURANCE COMPANY ("AXIS") is a corporation authorized to transact business in

24 the State of Nevada and regularly conducts business in Clark County, Nevada.

25          3.      RICHARDSON is informed and believes and thereon alleges that Defendant,

26 INSURANCE SOLUTIONS GROUP, INC. ("SOLUTIONS") is a corporation authorized to transact

27

28                                              1

1   business in the State of Nevada and regularly conducts business in Clark County, Nevada.

2       4.    Defendant DOE INDIVIDUALS 1 through 50, and each of them, are insurers,

3   persons, or other entities which are authorized to do and do business in the State of Nevada as

4   insurers and/or brokers.

5       5.    DOES 1 through 50, and each of them, issued one or more policies of insurance

6   which names RICHARDSON as an insured and/or provided, or potentially provides, coverage for

7   all or a portion of claims made by RICHARDSON as described further herein.  The true identities

8   of DOES 1 through 50, and each of them, are currently unknown to RICHARDSON and

9   RICHARDSON therefore prays for leave to amend this Complaint to assert the proper names of each

10  such entities and/or individuals when their identities are discovered.

11      6.    Defendant ROE CORPORATIONS 1 through 50, and each of them, are corporations

12  or other entities which are authorized to do and do business in the State of Nevada as insurers and/or

13  brokers.

14      7.    ROES 1 through 50, and each of them, issued one or more policies of insurance which

15  names RICHARDSON as an insured and/or provided, or potentially provides, coverage for all or a

16  portion of claims made by RICHARDSON as described further herein.  The true identities of ROES

17  1 through 50, and each of them, are currently unknown to RICHARDSON and RICHARDSON

18  therefore prays for leave to amend this Complaint to assert the proper names of each such

19  corporations and/or entities when their identities are discovered.

20      8.    RICHARDSON was at certain relevant times involved in the development of real

21  property in Clark County, Nevada for the purpose of constructing the development known as Fifth

22  Street School Rehabilitation Project, located in Las Vegas, County of Clark, State of Nevada.

23      9.    During construction of the Project, a fire destroyed a significant portion of the

24  development.

25      10.    As a result of the fire, RICHARDSON incurred loss and adjustment, mitigation,

26  repair, construction and/or reconstruction costs.

27

28                                             -2-

1       11.    RICHARDSON contracted with the City of Las Vegas for construction of the Project.

2  The City of Las Vegas required RICHARDSON to maintain certain liability insurance for personal

3  injury and property damage liability, and to designate the City of Las Vegas as an additional insured.

4       12.    AXIS executed and delivered one or more policies of general liability insurance to

5  RICHARDSON.

6       13.    SOLUTIONS procured, as broker, one or more of the aforementioned policies of

7  insurance to RICHARDSON.

8       14.    RICHARDSON qualifies as an insured under the policies referenced or is otherwise

9  entitled to directly obtain benefits under such policy.

10       15.    Pursuant to the policy of general liability insurance, provided by SOLUTIONS, AXIS

11  promised to pay all sums which RICHARDSON became obligated to pay because of property

12  damage, bodily injury and/or personal injury at the Project occurring during the effective coverage

13  period of the policy and caused by an occurrence.

14       16.    RICHARDSON in fact made claims indicating, or evidence is available otherwise,

15  that property damage, bodily injury and/or personal injury damages potentially occurred during the

16  policy periods of the insurance policies issued by AXIS.

17                     **FIRST CAUSE OF ACTION**

18                        **(Declaratory Relief)**

19       17.    RICHARDSON repeats and incorporates all of the allegations contained in

20  paragraphs 1 through 16 as though fully set forth herein.

21       18.    RICHARDSON provided notice of the claim to AXIS.  RICHARDSON has

22  performed each covenant and/or condition which on its part must be performed in order to obtain

23  a reimbursement under the policies referenced herein above or has been excused from so performing

24  as a result of AXIS' breach of their respective insurance agreements, including their refusal to

25  appropriately reimburse RICHARDSON.

26       19.    AXIS among other things, agreed to investigate, adjust, and defend RICHARDSON

27

28                                -3-

1   as to any claims on account of alleged property damages, bodily injury and/or personal injury within

2   or potentially falling within the coverage, as defined by the policy referenced herein above.

3       20.    RICHARDSON has been forced to incur repair, investigative, loss and adjustment

4   fees, costs, and expenses falling within the coverage of, or as defined in, each of the policies referred

5   to herein above.

6       21.    An actual controversy exists between RICHARDSON and AXIS regarding AXIS'

7   obligation to reimburse RICHARDSON for fees, costs and expenses incurred to repair, investigate,

8   mitigate, and adjust the claim relative to the fire loss at the project in question.  A declaratory

9   judgment is necessary and appropriate to determine the rights and duties of the parties under the

10   insurance policy.

11       22.    Disputes have arisen between RICHARDSON and AXIS in that RICHARDSON

12   contends that AXIS has a duty to reimburse amounts that have been previously expended by

13   RICHARDSON.

14       23.    RICHARDSON is informed and believes that AXIS disputes each of the contentions

15   as stated above.  An actual controversy exists between RICHARDSON and AXIS regarding these

16   contentions.  A declaratory judgment is therefore necessary and appropriate to determine the rights

17   and duties of the parties under these insurance policies.  The amount in controversy exceeds

18   $10,000.00.

19       24.    To the extent that AXIS claims that their respective insurance policies do not provide

20   coverage for the claims made by RICHARDSON as a result of limitations in coverage, AXIS is

21   estopped from asserting such limitations as a result of documentation issued by or on behalf of AXIS

22   indicating the existence of coverage without such limitations.  Alternatively, AXIS has waived any

23   otherwise applicable policy limitations or are estopped from asserting such limitations as a result of

24   their conduct as stated herein or proved in this action.

25

26   / / /

27

28                       -4-

25. RICHARDSON has been compelled to retain the services of an attorney to prosecute this action and Plaintiffs, are, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

26. RICHARDSON repeats and incorporates all of the allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27. That RICHARDSON, is an "insured" under the Subject Policy.

28. That Defendants breached the subject policy and respective duties by failing to properly evaluate the claim and provide coverage to RICHARDSON.

29. That as a direct and proximate result of Defendants breach of contract, Defendants are liable to RICHARDSON in an amount in excess of $10,000.00.

30. RICHARDSON has been compelled to retain the services of an attorney to prosecute this action and Plaintiffs, are, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

## THIRD CAUSE OF ACTION

### (Unfair Claims Practice Violations of NRS 686A.310)

31. RICHARDSON repeats and incorporates all of the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32. Defendants are engaged in the business of insurance in the state of Nevada. As such, Defendants are subject to the provisions of the Nevada Insurance Code, including, but not limited to NRS 686A.310 (hereinafter collectively referred to as "Nevada Unfair Claims Statutes").

33. The Nevada Unfair Claims Statutes imposed upon Defendants certain duties concerning the investigation, negotiation, and settlement of claims. The Nevada Unfair Claims Statues were intended to prevent the type of injury and damage set forth herein and RICHARDSON herein is in the class of people to be protected by the Nevada Unfair Claims Statutes.

-5-

1    34.   That Defendants violated § NRS 686A.310(1).

2    35.   By reason of the conduct of Defendants, RICHARDSON has been and continues to

3    be damaged in the amount which cannot be ascertained at this time. The violations by Defendants

4    were done without just or reasonable cause and were committed with the intent to gain for

5    Defendants an unfair advantage over RICHARDSON. The subject statutory violations were done

6    willfully, fraudulently, maliciously, oppressively, and with conscious disregard for RICHARDSON's

7    rights and with the intent to vex, annoy, harass and injure RICHARDSON. RICHARDSON is

8    therefor entitled to punitive damages against Defendants.

9    36.   As a direct and proximate cause of Defendants' violations of NRS 686A.310,

10   RICHARDSON has been damaged in excess of $10,000.00.

11   37.   RICHARDSON has been compelled to retain the services of an attorney to prosecute

12   this action and Plaintiffs, are, therefore, entitled to reasonable attorney's fees and costs of suit

13   incurred herein.

14                              **FOURTH CAUSE OF ACTION**

15                   **(Breach of the Covenant of Good Faith and Fair Dealing)**

16   38.   RICHARDSON repeats and incorporates all of the allegations contained in

17   paragraphs 1 through 37 as though fully set forth herein.

18   39.   The covenant of good faith and fair dealing is implied in the Subject Policy and duties

19   afforded in providing coverage to RICHARDSON.

20   40.   Defendants' acts alleged herein combine to create harm to RICHARDSON in such

21   a manner that Defendants are liable.

22   41.   That Defendants failed to deal fairly and in good faith with RICHARDSON in

23   providing coverage and by refusing and without probable cause to compensate RICHARDSON for

24   the loss covered by the Subject Policy.

25   ///

26   ///

27

28                                          -6-

42.   That Defendants failed to provide a policy of insurance that would provide coverage for the type of loss requested by RICHARDSON.

43.   At all times relevant hereto, Defendants had actual and implied awareness of the absence of reasonable basis for denying the benefits of the Subject Policy.

44.   By reason of Defendants breach of the covenant of good faith and fair dealing, RICHARDSON has been and continues to be damaged in the amount equal to benefits that would have been payable under the Subject Policy, plus interest, attorneys' fees and all consequential damages therein.

45.   That in breaching the covenant of good faith and fair dealing, Defendants acted willfully, fraudulently, maliciously, oppressively, and/or with conscious disregard for RICHARDSON's rights and with the intent to vex, annoy, harass and injure RICHARDSON, and therefore, RICHARDSON is entitled to punitive damages from Defendants.

46.   RICHARDSON has been compelled to retain the services of an attorney to prosecute this action and Plaintiffs, are, therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

WHEREFORE, RICHARDSON prays for judgment/relief against Defendants as follows:

1.   A declaratory judgment determining the rights and obligations between RICHARDSON and Defendants under the terms of the insurance policies at issue herein including a declaration that AXIS has a duty to reimburse amounts that have been previously expended by RICHARDSON.

2.   For general and special damages in excess of $10,000.00;

3.   For punitive damages in excess of $10,000.00;

4.   For its attorney fees incurred in bringing this action;

5.   For costs of suit herein; and

///

-7-

1    6.    For all such other and further relief as the Court may deem just and proper including

2    but not limited to injunctive relief to enforce this Court's orders and/or judgments.

3    DATED THIS ___ date of March, 2010.

4                              PARKER, NELSON & ASSOCIATES, CHTD.

5

6

7                              THEODORE PARKER, III, ESQ.
                               Nevada Bar No. 004716
8                              2460 Professional Court
                               Las Vegas, NV 89128
9                              (702) 868-8000
                               (702) 868-8601 Fax
10                             *Attorney for Plaintiff*
                               *Richardson Construction, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23   K:\Personal Directories\PARKER\Richardson\Axis Surplus\pleadings\Complaint.02.25.10.wpd

24

25

26

27

28                                        -8-

# Exhibit B

JIM GIBBONS
*Governor*

DIANNE CORNWALL
*Director*

**STATE OF NEVADA**



SCOTT J. KIPPER
*Commissioner of Insurance*

**DEPARTMENT OF BUSINESS AND INDUSTRY**

**DIVISION OF INSURANCE**

2501 E. Sahara Avenue, No. 302
Las Vegas, Nevada   89104

(702) 486-4009   •   Fax (702) 486-4007

E-mail: insinfo@doi.state.nv.us

May 3, 2010

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
# 7008 1830 0003 5446 3330

**AXIS SURPLUS INSURANCE COMPANY**
**C/O CSC SERVICES OF NEVADA**
**502 EAST JOHN STREET**
**CARSON CITY, NV  89706**

Re: Case No.       A612537
Case Name:   <u>Richardson Constr., Inc. v. Axis Surplus Ins. Co.</u>

Dear Agent:

The enclosed Summons and Complaint in the matter referenced above were delivered to the office of
the Commissioner of Insurance, on April 8, 2010.  To complete service of process, in accordance
with NRS 685A.200, we are forthwith mailing by certified mail one of the copies of such process to
you, the entity currently designated by the insurer to receive such process.

Also enclosed herein is a true and correct copy of the Proof of Service in this matter dated May 3,
2010, and a copy of our letter to Plaintiff's counsel, dated May 3, 2010.

As provided in NRS 685A.200, you have 40 days from the date of this service to respond.

If you have any questions regarding this service, please do not hesitate to contact us.

Cordially yours,
SCOTT J. KIPPER
Commissioner of Insurance

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us
Enclosures

**PROOF OF SERVICE**

I hereby declare that on April 8, 2010, two copies of the Summons and Complaint in the within entitled matter, were delivered to the office of the State of Nevada Commissioner of Insurance at the Division of Insurance; and on May 3, 2010, I mailed a copy of same Summons and Complaint to defendant **AXIS SURPLUS INSURANCE COMPANY** in the within entitled matter, properly addressed to the address provided for service of process to the Division of Insurance by the defendant insurer, with postage prepaid, certified mail, return receipt requested, to the following:

> **C/O CSC SERVICES OF NEVADA**
> **502 EAST JOHN STREET**
> **CARSON CITY, NV 89706**

I declare, under penalty of perjury, that the foregoing is true and correct.

**DATED** this 3rd day of May, 2010.

_____
MARILYN BRASBIELD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

Court: Eighth Judicial District Court, Clark County, Nevada
Case Name: Richardson Constr., Inc. v. Axis Surplus Ins. Co.
Case No. A612537
Certified Receipt No. 7008 1830 0003 5446 3330

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 5-3-10  By: _____

-1-

# Exhibit C



### MISSISSIPPI
### SECRETARY OF STATE
### Business Services

**Search Results Include Filings Through 05/20/2010 12:00 AM**

Search
*By Business Name
*By Business ID
*By Officer Name
*By Registered Agent
*New Corporations
   Annual Report
*File Online
   Verification
*Verify Certification
   Online Orders
*Register for Online Orders
*Order Good Standing
   Fee Schedules
*Corporations
*Limited Partnerships
*Limited Liability
   Partnerships
*Limited Liability
   Companies
   Miscellaneous
*Registered Agents
*Download Corporate
   Forms and Instructions
*Look Up an SIC
   Contact
*Corporations Unit

**Date: 5/27/2010**    <u>**View Filed Documents**</u>

Name History

| Name | Name Type |
|------|-----------|
| INSURANCE SOLUTIONS GROUP, INC. | Legal |

### Business Corporation - Domestic - Information

**Business ID:** 671478
**Status:** Good Standing
**Creation Date:** 6/21/1993
**State of Incorporation:** MS
**Principal Office Address:** 405 Legacy Park
Ridgeland MS 39157
**Listing Address:** No Address

### Registered Agent

**Agent Name:** <u>T MARK PACE</u>
**Office Address:** 4915 I-55 N #101-A, P O BOX 13928
JACKSON MS 39236

**Mailing Address:**

### Officers & Directors





Home  |  Accessibility Policy  |  Contact Us  |  E-mail Us  |  Links  |  Search

Copyright © 2010 Mississippi Secretary of State. All rights reserved.
Due to the use of DHTML and Java, this Web site is optimized for Microsoft Internet Explorer 5+ or Netscape 6+.

# Exhibit D

# 5TH STREET SCHOOL FIRE DAMAGE COSTS

| Tab # | DESCRIPTION | Line Item Cost | Total Cost | Labor/Material |
|---|---|---|---|---|
| 1 | Structural calculations & Structural documents revised due to fire damage | $ 15,000.00 | $ 15,000.00 | Barker Drottar |
| 2 | City of Las Vegas (Fire Damage, Structural Plans) | $ 2,731.00 | $ 2,731.00 | Richardson |
| 3 | Toilet Rental | $ 1,613.76 | $ 1,613.76 | "A" Company |
| 4 | Temporary Power | $ 12,643.70 | $ 12,643.70 | Sunstate Equipment |
| 5 | Equipment Rental | $ 11,568.02 | $ 11,568.02 | Sunstate Equipment |
| 6 | Security Patrol (Includes Light Towers) | $ 32,538.16 | $ 32,538.16 | Richardson/Sunstate |
| 7 | Building Demolition along with Daily Clean-up | $ 4,541.10 | $ 4,541.10 | Richardson/Sunstate Penhall |
| 8 | Odor Control | $ 877.96 | $ 877.96 | Steamatic |
| 9 | Abatement | $ 7,991.00 | $ 7,991.00 | ADS |
| 10 | Abatement Monitoring | $ 8,268.35 | $ 8,268.35 | Ninyo & Moore |

| # | Description | | | Republic Services |
|---|---|---|---|---|
| 11 | Field Dumpsters | $ 7,380.00 | $ 7,380.00 | |
| 12 | Truss Removal and all Steel Piping(From Gallery to RDA) | $ 14,000.00 | $ 14,000.00 | Jose Vargas |
| 13 | Replace Fire Sprinkler Piping along with required disconnects | $ 26,802.64 | $ 26,802.64 | Polaris |
| 14 | Structural Components (Labor & Materials) | $ 54,987.23 | $ 54,987.23 | Addison/Sandlin Ed Korn/Richardson |
| 15 | Lumber Erection | $ 11,815.61 | $ 11,815.61 | 84 Lumber |
| 16 | Framing, Drywall, Insulation & Painting | $ 44,468.84 | $ 44,468.84 | Richardson |
| 17 | Stucco | $ 6,775.00 | $ 6,775.00 | Horacio Garcia |
| 18 | Wood Window Replication | $ 24,356.33 | $ 24,356.33 | Richardson |
| 19 | Glass & Glazing | $ 1,254.06 | $ 1,254.06 | Addison/Pacific Supply |
| 20 | Exterior Tiles (Historic Mexican) | $ 16,807.40 | $ 16,807.40 | Estrad Flooring |
| 21 | Roofing | $ 11,806.41 | $ 11,806.41 | Dean Roofing |
| 22 | Replace all Pipe insulation and internally lined duct insulation. Retest all hydronic piping, replace water, drain, waste & vent piping and all other related mechanical works to include Boiler, Chiller, AHU1 - AHU4 | $ 63,525.77 | $ 63,525.77 | US Mechanical |

# Exhibit E

APR - 8 2010

DIVISION OF INSURANCE
STATE OF NEVADA

1   **SUMM**
    THEODORE PARKER, III, ESQ.
2   Nevada Bar No. 004716
    PARKER, NELSON & ASSOCIATES, CHTD.
3   2460 Professional Court., Suite 200
    Las Vegas, NV 89128
4   (702) 868-8000
    (702) 868-8601 Fax
5   *Attorney for Plaintiff*
    *Richardson Construction, Inc.*
6

7                         **DISTRICT COURT**

8                    **CLARK COUNTY, NEVADA**

9
    RICHARDSON CONSTRUCTION, INC.       )
10  a Nevada Corporation,               )
                                        )
11              Plaintiff,              )     CASE NO.:   A612537
                                        )     DEPT. NO.:  XVII
12      vs.                             )
                                        )
13  AXIS SURPLUS INSURANCE COMPANY;     )
    INSURANCE SOLUTIONS GROUP, INC.;    )
14  and DOE INDIVIDUALS I through 10, inclusive; )
    and ROE CORPORATIONS 1 though 100,  )
15  inclusive,                          )
                                        )
16              Defendants.             )

17

18                          **SUMMONS**
    **NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR**
19  **BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

20  **TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the
    Complaint.
21                  **AXIS SURPLUS INSURANCE COMPANY**
                      c/o Nevada Insurance Commissioner
22                    2501 East Sahara Avenue, Suite 302
                      Las Vegas, Nevada 89104
23
            1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you
24  exclusive of the day of service, you must do the following:
                    a.      File with the Clerk of this Court, whose address is shown below, a formal written
25  response to the Complaint in accordance with the rules of the court.
                    b.      Serve a copy of your response upon the attorney whose name and address is shown
26  below.
            2.      Unless you respond, your default will be entered upon application of the Plaintiffs and this Court
27  may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of
    money or property or other relief requested in the Complaint.
28

                                        1

1     3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that
your response may be filed on time.

2 Issued at direction of:

3                                                    **CLERK OF COURT**

4                                                             MAR 19 2010

5 By: _____        By: _____

6 THEODORE PARKER, III, ESQ.       DEPUTY CLERK    TERRI STRINGER
Nevada Bar No. 004716                County Courthouse

7 Parker, Nelson & Associates, Chtd.     200 Lewis Avenue
2460 Professional Court, Suite 200      Las Vegas, NV 89155
Las Vegas, Nevada 89128

8 *K:\Personal Directories\PARKER\Richardson\Axis Surplus\pleadings\Summons (Axis).wpd*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28