UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD CONSTRUCTION, INC.,

      Plaintiff,

v.

AXIS SURPLUS INSURANCE COMPANY; et al.,

      Defendants.

2:10-cv-0817-LRH-LRL

ORDER

Before the court is defendant Axis Surplus Insurance Company's ("Axis") motion for summary judgment. Doc. #19[1].

Also before the court is plaintiff Richard Construction, Inc.'s (Richardson") motion for leave to file an amended complaint. Doc. #22.

**I.    Facts and Procedural History**

Plaintiff Richardson is a construction company. In late 2007, Richardson was working with the City of Las Vegas on the Fifth Street School Rehabilitation Project in Las Vegas, Nevada. On November 28, 2007, during the renovation process, a transient started a fire on the closed site that damaged portions of the project. Richardson, the company responsible for site security, had to repair all damage caused by the fire.

---

[1] Refers to the court's docket entry number.

At the time of the incident, Richardson was insured under a commercial general liability insurance policy ("CGL Policy") with defendant Axis. Richardson submitted a request for coverage of the repair expenses which was denied by Axis.

Subsequently, Richardson filed a complaint against Axis for breach of contract. Doc. #1, Exhibit A. Thereafter, Axis filed the present motion for summary judgment. Doc. #19. In response, Richardson filed the present motion for leave to file an amended complaint. Doc. #22.

**II.    Discussion**

**A. Motion to Amend (Doc. #22)**

A party may amend its pleadings after a responsive pleading has been filed by leave of court. FED. R. CIV. P. 15(a)(2). Leave of court to amend should be freely given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

Here, Richardson requests leave to amend its complaint to add additional claims and to correct certain pleading issues in the initial complaint. Namely, Richardson seeks to amend the complaint to add additional claims and change the basis for relief against defendants. Doc. #22, Exhibit 4. Richardson's initial complaint alleges that defendant Axis had an obligation to reimburse Richardson for expenses it incurred for repairing the property under the general liability policy. In the proposed amended complaint, Richardson now alleges that Axis did not provide it with the appropriate builder's risk policy as was requested in violation of its duty to provide insurance. A copy of the proposed amended complaint is attached as Exhibit 4 to Richardson's motion for leave to amend in accordance with LR 15-1. Doc. #22, Exhibit 4.

The court finds that there is no undue delay, bad faith, or dilatory motive on behalf of Richardson in requesting leave to amend its complaint. Further, the court finds that the matter is early in litigation and that AXIS would not be prejudiced by allowing amendment. Accordingly,

2

Richardson shall be granted leave to amend his complaint.

### B. Motion for Summary Judgment (Doc. #19)

The motion for summary judgment does not address the new claims and theories in the proposed amended complaint. The amended complaint supersedes the original complaint in its entirety. Accordingly, Axis's motion for summary judgment is now moot. Therefore, the court shall deny the motion without prejudice because Axis has not yet had the opportunity to respond to the new allegations and claims in the amended complaint.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file an amended complaint (Doc. #22) is GRANTED. The clerk of court is directed to file plaintiff's amended complaint attached as Exhibit 4 to the motion to amend (Doc. #22, Exhibit 4).

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Doc. #19) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 6th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE